*E-FILED: April 30, 2012*

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| MARIA ELENA DE LA GARZA; ENRIQUE ARREOLA; and JOSE VASQUEZ, <br><br> Plaintiffs, <br><br> v. <br><br> THE MEXICAN AMERICAN COMMUNITY SERVICES AGENCY, a California corporation, <br><br> Defendant. | No. C10-05516 HRL <br><br> **ORDER CONDITIONALLY GRANTING DEFENSE COUNSEL'S MOTION TO WITHDRAW** <br><br> **[Docket No. 27]** |

Plaintiffs sue The Mexican American Community Services Agency (MACSA) for its alleged failure to make certain contributions to employee benefit plans. After all parties consented to the undersigned's jurisdiction for all purposes, including trial, see 28 U.S.C. § 636(c); Fed. R. Civ. P. 73, the court issued a scheduling order, culminating in a two-day bench trial set to begin on May 14, 2012. The trial subsequently was re-set by the court to May 16-17, 2012.

MACSA's attorney, John Marshall Collins, now moves for permission to withdraw as counsel of record. Plaintiffs advise that they are agreeable to Collins' withdrawal only if the currently scheduled trial dates remain on calendar. Otherwise, plaintiffs oppose Collins' motion on the grounds that his withdrawal will lead to prejudicial delay. The record presented indicates that MACSA was served with notice of Collins' motion. The court deems the matter

1  appropriate for determination without oral argument.  CIV. L.R. 7-1(b).  Having considered the
2  moving and responding papers, the motion to withdraw is granted, subject to the condition that
3  papers may continue to be served on Collins for forwarding purposes, unless and until
4  defendant appears by other counsel.

5  "Counsel may not withdraw from an action until relieved by order of Court after written
6  notice has been given reasonably in advance to the client and to all other parties who have
7  appeared in the case."  CIV. L.R. 11-5(a).  "In the Northern District of California, the conduct of
8  counsel is governed by the standards of professional conduct required of members of the State
9  Bar of California, including the Rules of Professional Conduct of the State Bar of California."
10 Hill Design Group v. Wang, No. C04-521 JF (RS), 2006 WL 3591206 at *4 (N.D. Cal., Dec.
11 11, 2006) (citing Elan Transdermal Limited v. Cygnus Therapeutic Systems, 809 F. Supp. 1383,
12 1387 (N.D. Cal.1992)).  Those standards provide that an attorney may seek permission to
13 withdraw if, among other things, the client breaches an agreement or obligation to the attorney
14 with respect to payment of expenses or fees, or if the client's conduct renders it unreasonably
15 difficult for the attorney to represent the client effectively.  Id. (citing Cal. Rules of Professional
16 Conduct Rule 3-700(C)(1)(d), (f)).

17 According to the moving papers, MACSA is a non-profit corporation that has fallen on
18 hard times.  Defendant reportedly has been unable to pay Collins' legal fees for the better part
19 of the past year.  (Collins Decl., ¶ 5).  Asserting that the parties came very close to settlement,
20 Collins says that he nevertheless remained in the case through discovery and mediation in the
21 hope that MACSA's financial situation would improve, the matter would settle, or "simply out
22 of a feeling for public service."  (Id. ¶ 6).  However, Collins says that as a sole practitioner, he
23 can no longer afford to proceed with this litigation without payment.  (Id. ¶ 8).

24 Having come this close to the scheduled trial, plaintiffs understandably want their day in
25 court.  Nevertheless, under the circumstances presented and having weighed competing
26 legitimate interests and possible prejudice, the court concludes that the motion to withdraw
27 should be granted, subject to the condition that papers may continue to be served on Collins for
28 forwarding purposes, unless and until defendant appears by other counsel.  CIV. L.R. 11-5(b).

Additionally, the currently scheduled final pretrial conference and trial dates are vacated. The parties shall appear for a status conference on **June 5, 2012, 1:30 p.m.** to discuss new dates for a final pretrial conference and trial.

**In the interim, MACSA is advised that it may not appear pro se or through its corporate officers, but must retain new counsel forthwith to represent it in this lawsuit**. See Civ. L.R. 3-9(b) ("A corporation, unincorporated association, partnership or other such entity may appear only through a member of the bar of this Court"); see also Rowland v. California Men's Colony, 506 U.S. 194, 201-02 (1993) ("It has been the law for the better part of two centuries . . . that a corporation may appear in the federal courts only through licensed counsel") and In Re Highley, 459 F.2d 554, 555 (9th Cir. 1972) ("A corporation can appear in a court proceeding only through an attorney at law"). **MACSA is further advised that it retains all of the obligations of a litigant, and its failure to appoint an attorney may lead to an order striking its pleadings or entry of its default**.[1]

Collins shall promptly serve a copy of this order on MACSA and file a proof of service with the court.

SO ORDERED.

Dated: April 30, 2012

_____
HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE

---

[1] Collins avers that he has so advised MACSA. (Collins Decl. ¶ 9).

3

1   5:10-cv-05516-HRL Notice has been electronically mailed to:

2   John A. McBride    jmcbride@wmprlaw.com, jcasella@wmprlaw.com

3   John Marshall Collins    johnolaw@gmail.com, jlzlegal@aol.com

4   Counsel are responsible for distributing copies of this document to co-counsel who have not registered for e-filing under the court's CM/ECF program.

4